IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of the Harrison County Chancery Court’s interpretation of a property-settlement agreement entered into by Lionel Barnes Sr. and Betty R. Holden Barnes as part of their second divorce. The chancery court found that the terms of the agreement entitle Betty to 46.26%, or $54,390.97, of Lionel’s military retirement account.[1] Feeling aggrieved, Lionel appeals and asserts that the chancery court erred in its judgment.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Betty and Lionel first married on July 10, 1976, in New Orleans, Louisiana.[2] Lionel joined the United States Air Force in August 1976. On March 19, 1998, Betty and Lionel divorced. However, a little more than a year and a half later, on January 25, 2000, the parties remarried. This second marriage lasted until June 18, 2004, when Lionel and Betty divorced a second time. In September 2006, Lionel retired from his military service. The chancellor found that, as of that date, Lionel had served 361 months in the military.
¶ 4. As part of their 2004 divorce, Betty and Lionel entered into a property-settlement agreement, which states that Betty and Lionel are each entitled to fifty percent of each other’s retirement accounts as of the time of their divorce. The provision did not provide any further guidance as to what periods of Lionel’s accrual of retirement benefits were subject to division. In February 2009, Betty filed a petition to clarify which portion of Lionel’s retirement benefits would be affected by the property agreement.
¶5. Lionel contends that the provision should be limited to the term of the parties’ second marriage; Betty disagrees. The chancellor found that Betty is entitled to half of the benefits that accrued from the time of Lionel’s entrance into the military in August 1976 until the parties’ 2004 divorce, or 46.26% of his retirement benefits.
¶ 6. It is from that order that Lionel appeals. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The Mississippi Supreme Court has explained the standard of review *765 that appellate courts should apply to property-settlement agreements:
[The Mississippi Supreme] Court historically has recognized that a property[-]settlement agreement “is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character.” Townsend v. Townsend 859 So.2d 870, 376 [ (¶ 21) ] (Miss.2003) (quoting [Dilling v. Dilling, 734 So.2d 327, 335 (¶ 26) (Miss.Ct.App.1999])). [Mississippi appellate courts use] a three-tiered approach to contract interpretation. Put simply, step one is to look to the four corners of the agreement to attempt to translate a clear understanding of the parties’ intent; only if that intent remains illusive [sic] may a court apply the canons of contract construction or turn to parol evidence. Harris v. Harris, 988 So.2d 376, 378-79 [ (¶ 10) ] (Miss.2008) (citing Tupelo Redev[elopment] Agency v. Abernathy, 913 So.2d 278, 283 [ (¶ 13) ] (Miss.2005)). “It is a question of law for the court to determine whether a contract is ambiguous. In the event of an ambiguity, the subsequent interpretation presents a question of fact for the trier of fact which we review under a substantial evi-denee/manifest error standard.” [Id] at 378 [ (¶ 10) ]. “Where terms of a contract are ambiguous, the contract will be interpreted in a reasonable manner.” Id.
In re Dissolution of Marriage of Wood, 35 So.3d 507, 513 (¶ 9) (Miss.2010).
¶ 8. The agreement at issue here did not limit the time frame of the retirement-account provision in any way. In its entirety, the retirement provision reads:
Husband and Wife agree that both are entitled to 50% of the other’s retirement as of the date of divorce. Husband shall maintain the Survivor’s Benefit Plan with Wife as beneficiary. Wife shall reimburse Husband for the cost of the Survivor’s Benefit Plan. Wife shall maintain the Survivor’s Benefit Plan with Husband as beneficiary. Husband shall reimburse Wife the cost of the Surviv- or’s Benefit Plan.
Furthermore, the parties’ 1998 divorce did not make any provision regarding whether either party would be entitled to the other’s retirement benefits.
¶ 9. In his bench ruling, the chancellor found the following, in pertinent part:
All right. I don’t find that there’s any ambiguity in the language of that property[-]settlement agreement.... The real question is, at the time of the divorce, how many months had Mr. Barnes served in the military, and at the time that he retired, how many months did he have? My calculation, looking at it is, Ms. Barnes is entitled to 50 percent of retirement for 334 months of service over a — divided by 361 months of service, or 46.26 percent of retirement.
I find that the document was drafted by Mr. Barnes’[s] attorney, and it’s to be construed strictly against Mr. Barnes. Mr. Barnes, you may think that that’s somewhat harsh. However, it cuts both ways. That same language will ensure to your benefit with regard to Ms. [Barnes]’s retirement when she retires.
¶ 10. The parties were first married in July 1976, and Lionel began working for the military in August 1976. The parties’ second divorce occurred in June 2004. In short, Lionel accrued 5 months of retirement benefits in 1976 and 6 months of benefits in 2004. Between 1976 and 2004, Lionel worked for 324 months. Combined, that would mean that Lionel accrued benefits for 335 months; with time taken into account for partial months, there were 334 total months of service at the time of the *766 parties’ 2004 divorce.[3] The chancellor then divided that number by 361, which was the total number of months that Lionel served, and halved the result to arrive at 46.26%, which was the percentage of Lionel’s retirement benefits that the chancellor concluded that Betty was entitled to receive.
¶ 11. Given the broad, unlimited language of the divorce agreement, we cannot find that the chancery court erred in its judgment awarding Betty 46.26% of Lionel’s retirement benefits. Lionel’s contention of error is without merit.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. In Cause Number 2009-CA-01056, the chancery court determined that Betty was entitled to 46.26% of the retirement account, and in Cause Number 2009-CA-01985, the court determined that that percentage amounts to $54,390.97.

. The chancery court noted in its judgment that certain documents in the record show that the parties married in 1974.

. While it is obvious how the chancellor arrived at 334 months, we note that the chancellor’s order stated that Betty and Lionel were married for 334 months of Lionel’s time in the service. However, Betty and Lionel were married for approximately 313 months when the time between their first and second marriages is discounted. Regardless, we find that the language of the agreement was broad enough to support a finding that Betty was entitled to fifty percent of Lionel's retirement benefits that accrued from his entry into the service until the date of their second divorce in 2004.